**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**ROBIN COOPER, individually and on behalf**
**of all others similarly situated,**

                **Plaintiff,**

**v.**

**PEOPLES BANK, INC.,**

                **Defendant.**

**Case No.** 3:23-cv-389-GNS
**(Removed from Jefferson Circuit Court**
**Case No. 23-CI-002712)**

---

**NOTICE OF REMOVAL**

Defendant, Peoples Bank Inc., an Ohio corporation with its principal place of business located in Marietta, Ohio (hereinafter "Peoples Bank" or "Defendant"), by and through its undersigned counsel, hereby files this Notice of Removal to remove the above-captioned action from the Circuit Court of Jefferson County, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division, pursuant to 28 U.S.C. § 1331 and § 1446.

In support thereof, Peoples Bank respectfully states as follows:

**I.      INTRODUCTION AND BACKGROUND FACTS**

1.      On or about May 3, 2023, the above-named Plaintiff, Robin Cooper ("Ms. Cooper" or "Plaintiff"), on behalf of herself and all others similarly situated, filed a lawsuit in Jefferson County Circuit Court naming Limestone Bank, Inc. ("Limestone") as the Defendant, asserting only Kentucky state law claims for (1) breach of contract including the of covenant of good faith and fair dealing; (2) unjust enrichment, and (3) violation of the Kentucky Consumer Protection Act. (*See* Compl.).

2.      Following service of the summons and complaint, Limestone moved to dismiss the

Complaint for insufficiency of process, insufficiency of service of process, and failure to join an

indispensable party. Limestone's Motion to Dismiss, in large part, was based on the merger of

Limestone into Peoples Bank which occurred before Plaintiff filed suit against Limestone. As a

result of the merger, Limestone no longer existed as an active entity at the time Plaintiff sued

Limestone.

3.      On July 6, 2023, Plaintiff filed an Amended Class Action Complaint which dropped

Limestone as a defendant, and named Peoples Bank as the only defendant and which asserted

claims for (1) breach of contract, including breach of the duty of good faith and fair dealing (Am.

Compl. at 19); (2) violation of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, *et seq.*,

(Regulation E) (Am. Compl. at 21); (3) unjust enrichment (Am. Compl. at 23); and (4) violation

of the Kentucky Consumer Protection Act. (Am. Compl. at 23).

## II.      PROCEDURAL PROVISIONS OF THE REMOVAL STATUTE

4.      Pursuant to 28 U.S.C. § 1446(a), Peoples Bank is attaching a copy of the Jefferson

Circuit Court docket to this Notice as Exhibit A. Peoples Bank has also attached copies of all

pleadings, process and orders served on it (and all documents filed in Jefferson Circuit Court) as

Exhibit B.

5.      Pursuant to 28 U.S.C. § 1446(b)(3), this Notice is timely inasmuch as it was filed

"within thirty days after receipt by the defendant . . . of a copy of [the] amended pleading . . . from

which it [was] first . . . ascertained that the case is one which . . . has become removable."

6.      Pursuant to § 1446(d), Peoples Bank is filing contemporaneously herewith a Notice

of Filing Notice of Removal with the Clerk of the Jefferson County Circuit Court, informing the

circuit court that this lawsuit has been removed. A copy of the State Court Notice of Removal to

Federal Court is attached hereto as <u>Exhibit C</u>. Written notice has likewise been given to all adverse

parties.

7.      Venue is proper in this Court as this is the court for the district and division

embracing the place where the action is pending in circuit court. 28 U.S.C. §§ 97(b), 1441(a);

1446(a); L.R. Civ. P. 3.1(b).

## II.      THIS COURT HAS JURISDICTION OVER THE CLAIMS FOR RELIEF

This action is properly removed to this Court because Plaintiff's Amended Complaint

raises a question of federal law—it alleges Defendant violated Regulation E and that Plaintiff and

the class are entitled to statutory damages for that alleged violation. Moreover, this Court has

pendent jurisdiction over the additional state law claims alleged in the Amended Complaint.

**A.      This Court has original jurisdiction over Plaintiff's claims for an alleged violation of the Electronic Fund Transfers Act and Regulation E.**

8.      "The district courts shall have original jurisdiction of all civil actions arising under

the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

9.      The Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("the

Act") provides the Bureau of Consumer Financial Protection ("the Bureau") with the authority to

prescribe rules and regulation to carry out the purposes of the Act. 15 U.S.C. § 1693b(a).

10.      The Bureau has exercised this authority, in part, by issuing 12 C.F.R. Part 1005,

commonly referred to as Regulation E. 12 C.F.R. § 1005.1.

11.      Further, as noted in the Amended Complaint, statutory damages for violations of

Regulation E are available to injured consumers pursuant to 15 U.S.C. § 1693m.

12.      Plaintiff's second claim for relief relies entirely on the Act and Regulation E.

13.      The Complaint alleges that Limestone charged Over Draft Fees ("OD Fees") that

violated the "Opt In Rule" of Regulation E. (Am. Compl. ¶ 102).

14.     Specifically, Plaintiff maintains that Limestone failed to provide its customers "with a valid description of the overdraft program which meets the stricture of 12 C.F.R. § 105.17 . . . because [Limestone's] overdraft notice misrepresented [its] true overdraft policies." (Am. Compl. ¶ 107).

15.     Because Plaintiff's second claim for relief arises from the laws and regulations of the United States, this Court has original jurisdiction to hear this claim. *See, e.g.*, *Campos v. Louisville Metro Police Officers Credit Union*, Civil Action No. 3:18-CV-196-CRS (jurisdiction exercised by this Court over a class action removed from Jefferson County Circuit Court alleging nine counts for relief under state law including breach of contract, breach of the duty of good faith and fair dealing, and violations of the Kentucky Consumer Protection Act and two counts for relief under federal law including for a violation of the Electronic Funds Transfer Act); *Webb v. Republic Bank & Trust Co.*, Civil Action No. 3:11-CV-00423 (jurisdiction exercised by this Court over claims that the defendant's method of charging overdraft fees constituted a breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, a violation of the Kentucky Consumer Protection Act, and the Electronic Funds Transfer Act).

**B.     This Court has supplemental jurisdiction over the related state law claims.**

16.     Federal law further provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. 1367(a).

17.    "Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (internal citations and quotation marks omitted).

18.    Claims form part of the same case or controversy when they "derive from a common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

19.    "[T]he question for purposes of supplemental jurisdiction is not whether these claims *have* to be considered together, but whether they *could* be." *Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 694 (6th Cir. 2017).

20.    Here, all of the claims for relief in the Amended Complaint arise from a common nucleus of operative fact.

21.    Plaintiff alleges that Defendant ostensibly engaged in a "practice" of charging improper overdraft fees.

22.    All of Plaintiff's claims for relief stem from what she maintains was Defendant's policy to charge OD fees that (1) violated its own terms and conditions around OD fees, (2) violated state and federal regulations regarding disclosure of such practices, and (3) unjustly inflated its revenue.

23.    Because all of Plaintiff's claims for relief are intertwined and should be expected to be tried together, this Court has supplemental jurisdiction over counts one, three, and four of the Amended Complaint.

## IV.    RETENTION OF RIGHTS

23.    Peoples Bank submits this Notice of Removal without waiving any defenses, claims, objections, procedural rights, exception or obligations that may exist in its favor in either

Kentucky circuit court or federal court, including failure to effectuate service of process.

24.     Furthermore, in making any of the allegations in this Notice of Removal or any of its exhibits, Peoples Bank does not concede that the allegations in the Complaint or Amended Complaint are accurate, that Mrs. Cooper has asserted claims upon which relief can be granted, that her claims are timely, or that recovery of any amount sought is authorized or appropriate under state or federal law.

25.     Peoples Bank also does not concede that class certification is appropriate or that the class definition is proper, and Peoples Bank reserves the right to contest the putative class at the appropriate time.

WHEREFORE, Peoples Bank respectfully requests that this action be removed to this Court.

**PEOPLES BANK**

By Counsel,

/s/ *C. Anne Stewart*
Joseph N. Tucker (Ky. Bar No. 86776 )
C. Anne Stewart (Ky. Bar No. 99638)
101 South Fifth Street, Suite 2500
Louisville, KY 40202
Telephone (502) 540-2300
Facsimile (502) 585-2207
joseph.tucker@dinsmore.com
annie.stewart@dinsmore.com
*Counsel for Defendant Peoples Bank*

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that on the 28 day of July, 2023, a copy of the foregoing was filed

through the Court's CM/ECF system and sent to the following:

Andrew Mize (Ky. Bar No. 94453)
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
amize@stranchlaw.com

J. Gerard Stranch, IV
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
gstranch@stranchlaw.com

Lynn A. Toops
COHEN & MALAD, LLP
One. Indiana Square, Suite 1400
Indianapolis, lN 46204
Telephone: (317) 636-6481
ltoops@cohenandmalad.com

Christopher D. Jennings
THE JOHNSON FIRM
610 President Clinton Ave, Suite 300
Little Rock, AR 72201
(501) 372-1300
chris@yourattomey.com

/s/ *C. Anne Stewart*