UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00389-GNS-RSE

ROBIN COOPER, individually and on behalf of
all others similarly situated                                              PLAINTIFF

v.

PEOPLES BANK                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Approval of Attorneys' Fees, Expenses and Service Award (DN 87) and Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (DN 88).  The motions are ripe for adjudication.

### I.    STATEMENT OF FACTS AND CLAIMS

This is a class action arising from the imposition of certain fees by Limestone Bank, the predecessor of Defendant Peoples Bank ("Defendant").  (2d Am. Compl. ¶ 1, DN 31).  The suit challenges two types of overdraft fees:  those from "Authorize Positive, Settle Negative Transactions" ("APSN Fees"), and those from merchant verifications ("Verify Fees") (jointly, "Challenged Fees"). (2d Am. Compl. ¶¶ 16, 83-87).

The parties jointly proposed a settlement agreement ("Settlement Agreement").  (Schubert Decl. Ex. 1, DN 72-2).  Under that Settlement Agreement, Defendant contributed $950,000 to cash settlement fund, and after deducting attorneys' fees, expenses, and a service award, the net settlement amount is $567,324.79.  (Schubert Decl. Ex. 1, at 3, DN 72-2; Pl.'s Mot. Approval Att'ys' Fees, Expenses, & Service Award 1, DN 87).  The gross recovery to the approximately 8,258 class members would be more than $115 per person on claims relating to $35 bank fees, and the Settlement also provides for the forgiveness of debt of at least $164,729.  (Rogan Decl. ¶ 6, DN 88-1); Pl.'s Mem. Supp. Mot. Final Approval Class Action Settlement 2, DN 88-2; Schubert Decl. Ex. 1, at 3).  Defendant

1

has also ceased charging the Challenged Fees, which provides future benefit to the class members. (Schubert Decl. Ex. 1, at 3, DN 72-2; Pl.'s Mem. Supp. Mot. Final Approval Class Action Settlement 2). Any remaining funds will be paid on a *cy pres* basis subject to Court approval, and the parties have recommended that USA Cares receive any *cy pres* funds. (Pl.'s Mem. Supp. Mot. Final Approval Class Action Settlement 3). No class member has objected to the Settlement Agreement or requested exclusion. (Rogan Decl. ¶¶ 13-14).

On December 5, 2025, the Court preliminarily approved the Settlement Agreement. (Mem. Op. & Order, DN 86). On March 19, 2026, the Court conducted a final fairness hearing to consider the fairness of the Settlement Agreement, hear any objections, and determine whether to grant final approval. No class members attended, and no objections have been filed, submitted to the attorneys, or received by the Court.

Plaintiff has moved for final approval and for attorney's fees, litigation costs, and a service award. (Pl.'s Mot. Final Approval Class Action Settlement, DN 88; Pl.'s Mot. Approval Att'ys' Fees, Expenses, & Service Award, DN 87). The motion for final approval is unopposed, and no response has been filed to Plaintiff's requests for attorneys' fees, expenses, and the service award.

## II.   **JURISDICTION**

The Court has subject-matter jurisdiction because a federal question is presented. *See* 28 U.S.C. § 1331. In addition, the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

## III.   **DISCUSSION**

### A.   **Class Settlement**

The claims of a "class proposed to be certified for purposes of settlement" may be settled "only with the court's approval." Fed. R. Civ. P. 23(e); *see also Wayside Church v. Van Buren Cnty.*, 103 F.4th 1215, 1222 (6th Cir. 2024). Under Fed. R. Civ. P. 23(e), "class action settlement approval involves a three-step process": (1) "preliminary approval of the proposed settlement," (2) "notice of

the settlement to all affected class members," and (3) a "final approval hearing." *Garner Props. & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 620 (E.D. Mich. 2020) (quotation mark omitted); *see also Thacker v. Chesapeake Appalachia, LLC*, 259 F.R.D. 262, 270 (E.D. Ky. 2009) (citing *Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir. 2001)).

At step one, the parties must show that the Court will likely be able to both (1) approve the proposed settlement as "fair, reasonable, and adequate" and (2) "certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)-(2). "[I]f giving notice is justified by the parties' showing," the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal . . . ." Fed. R. Civ. P. 23(e)(1)(B). At step two, after receiving notice, "[a]ny class member may object to the proposal." Fed. R. Civ. P. 23(e)(5)(A). At step three, a hearing must take place before the Court finally approves any class-action settlement. *See* Fed. R. Civ. P. 23(e)(2).

This matter has proceeded through all three steps. For good cause shown, and as detailed further below, the motion for final approval is granted.

**B.     Attorneys' Fees**

"The party seeking attorneys' fees bears the burden of proving the reasonableness of the hourly rates claimed." *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011) (quoting *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999)). When considering an award of attorney fees, a court must first determine what fee is "reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A reasonable award is "one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citation omitted). The Sixth Circuit recognizes two methods for calculating attorney fees in common fund cases:  the percentage-of-the-fund method and the lodestar method. *See Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016). The Court has "the discretion to select the particular method of calculation, but must articulate the reasons for

adopting a particular methodology and the factors considered in arriving at the fee." *Id.* at 280 (internal quotation marks omitted) (quoting *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009)).

A court employing a percentage-of-the-fund method may "crosscheck" the reasonableness of the percentage award with a lodestar calculation. See *Linneman v. Vita-Mix Corp.*, 970 F.3d 621, 628 (6th Cir. 2020). This figure is determined "by multiplying the proven number of hours worked by a court-ascertained reasonable hourly rate." *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010) (citing *Hensley*, 461 U.S. at 433).

Here, class counsel requests attorneys' fees from the Settlement Fund in the amount of $371,576.33, which is based upon one-third of the value of the Settlement ($950,000) plus the $164,729 in debt forgiveness. (Pl.'s Mot. Approval Att'ys' Fees, Expenses, & Service Award 1). In this case, the percentage-of-the-fund method is consistent with the contingency fee arrangement between Plaintiff and class counsel, as well as the Settlement Agreement between the parties, and it "more accurately reflects the results achieved." *Gascho*, 822 F.3d at 279 (quoting *Rawlings*, 9 F.3d at 516). Moreover, any concern that "a percentage award may . . . provide incentives to attorneys to settle for too low a recovery because an early settlement provides them with a larger fee in terms of the time invested" is mitigated by the fact that this litigation has been ongoing for almost three years, and the size of the settlement award. *Id.* (quoting *Rawlings*, 9 F.3d at 516). The Court will therefore apply the percentage-of-the-fund method in this case.

The Court next considers whether the proposed award of attorneys' fees is reasonable. The Sixth Circuit has identified six factors which govern the reasonableness of class action fees:

(1)     the value of the benefit rendered to the plaintiff class . . . ;
(2)     the value of the services on an hourly basis;
(3)     whether the services were undertaken on a contingent fee basis;
(4)     society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;
(5)     the complexity of the litigation; and
(6)     the professional skill and standing of counsel involved on both sides.

*Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996) (alteration in original) (citation omitted). Application of these factors supports approving the requested attorneys' fees.

Subject to final approval of the Settlement, Plaintiff estimates that gross recovery of the cash settlement fund would be over $115 per class member for claims based upon a $35 APSN Fee. In addition, the parties have agreed that the Settlement includes forgiveness of debt of at least $164,729, and Defendant has stopped charging such fees, which provides a future benefit to the class. As a whole, the Settlement provided substantial value to the class.

Another factor to consider is whether Class Counsel undertook this matter on a contingent fee basis. Courts in the Sixth Circuit have opted to apply the percentage-of-the-fund method where it is "consistent with the fee arrangement between Plaintiff and class counsel . . . ." *In re Amazon.com, Inc., Fulfillment Ctr. Fair Lab. Standards Act & Wage & Hour Litig.*, No. 3:14-CV-290-DJH, 2024 WL 5362024, at *5 (W.D. Ky. Dec. 23, 2024), *dismissed sub nom. In re Amazon.com, LLC, Fulfillment Ctr. Fair Lab. Standards Act (FLSA) & Wage & Hour Litig.*, No. 25-5057, 2025 WL 1233629 (6th Cir. Apr. 14, 2025); *see also Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 789 (N.D. Ohio 2010) ("In general, . . . percentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share (i.e., a 'common fund')." (citing *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993))).

Here, class counsel undertook this matter on a contingency fee basis and the percentage-of-the-fund is consistent with that agreement. (Shubert Decl. ¶ 2). This approach "more accurately reflects the results achieved." *Gascho*, 822 F.3d at 279 (quoting *Rawlings*, 9 F.3d at 516). "[C]ontingency fee arrangements indicate that there is a certain degree of risk in obtaining a recovery." *In re Telectronics Pacing Sys., Inc.*, 137 F.Supp.2d 1029, 1043 (S.D. Ohio 2001). Any concern that "a percentage award may [] provide incentives to attorneys to settle for too low a recovery because an early settlement provides them with a larger fee in terms of the time invested" is mitigated here by the

fact that the lawsuit has been ongoing for more than 32 months and the value of the settlement to the class members. *Id.* (quoting *Rawlings*, 9 F.3d at 516).

Courts often consider the value of the services on an hourly basis—i.e., a lodestar crosscheck. Class counsel, however, has not provided enough information to conduct a lodestar calculation. Such a calculation requires both proof of the "number of hours *reasonably expended* on the case by an attorney" and the attorney's "*reasonable* hourly rate." *Adcock-Ladd*, 227 F.3d at 349 (emphasis added) (citations omitted). While class counsel has state a total of 197.5 hours were billed working on this matter, no information is provided as to the hours expended by each attorney and each attorney's reasonable hourly rate. As a result, it is impossible to determine whether each attorney's time expenditures were reasonable. Nevertheless, courts have the "discretion to determine the appropriate method for calculating attorneys' fees in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them." *Bowling*, 102 F.3d at 779. As discussed above, the amount of attorneys' fees requested is not excessive. While the record does not allow for a full lodestar analysis, counsel have invested much time and effort into this litigation.

The fourth also weight in favor of approval. "Encouraging qualified counsel to bring inherently difficult and risky but beneficial class actions . . . benefits society." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 534 (E.D. Mich. 2003). "Society has a stake in rewarding attorneys who achieve a result that the individual class members probably could not obtain on their own." *Est. of McConnell v. EUBA Corp.*, No. 3:18-CV-00355, 2021 WL 1966062, at *6 (S.D. Ohio May 17, 2021) (citing *Moore v. Aerotek, Inc.*, No. 2:15-CV-2701, 2017 WL 2838148, at *8 (S.D. Ohio June 30, 2017)). "'Thus, attorneys who take on class action matters enabling litigants to pool their claims provide a huge service to the judicial process' and should be rewarded for such efforts." *Dick v. Sprint Comm'cns Co. L.P.*, 297 F.R.D. 283, 301 (W.D. Ky. 2014) (quoting *In re Rio Hair Naturalizer Prods. Liab. Litig.*, No. MDL 1055, 1996 WL 780512, at *17 (E.D. Mich. Dec. 20, 1996)).

This case is also complex.  As a sister court has noted, "[m]ost class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them. Settlements of such complex matters are favored by courts." *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000) (internal citation omitted).  Here, Plaintiff's claims "involved complicated banking activities and the analysis of voluminous data to determine" Class Members.  *Lowe v. NBT Bank, N.A.*, No. 3:19-CV-1400 (MAD/ML), 2022 WL 4621433, at *12 (N.D.N.Y. Sep. 30, 2022).

Finally, the Court must consider the professional skill and standing of the parties' attorneys. Counsel on both sides are skilled attorneys who used their extensive experience in knowledge through all stages of this litigation, including settlement.  "The ability of Co–Lead Counsel to negotiate a favorable settlement in the face of formidable legal opposition further evidences the reasonableness of the fee award requested." *Dick*, 297 F.R.D. at 301 (citation omitted).

Thus, all factors weigh in favor of the requested attorneys' fees.  This motion is granted.

### C.      Costs

"Under the common fund doctrine, class counsel is entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and in obtaining settlement, including expenses incurred in connection with document productions, consulting with experts and consultants, travel and other litigation-related expenses." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. at 535.  In determining whether the requested expenses and costs are compensable, the Court has considered "whether the particular costs are the type routinely billed by attorneys to paying clients in similar cases." *Id.* (citing *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001)).

Class counsel seeks $6,098.88 in litigation expenses and costs, which includes:  meditation filing ($2,475); pro hac vice and court fees ($1,808.39); deposition costs ($1,397.55); expert consultation ($350); Fed Ex fees ($54.06); and travel/meals ($13.88).  (Schubert Decl. ¶ 4, Feb. 19,

2026, DN 87-2).  Relatively speaking, these expenses and costs are minimal based on the amount of the settlement and appear reasonable.  The motion is granted on this basis.

### D.    Service Award

Incentive payments, or "service awards," generally "do[] not raise a red flag" in the context of final approval "because the class representative and class member are not similarly situated in regard to . . . the incentive payment:  the class representative did extra work and took extra risk to earn that." 4 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 13:56 (6th ed. Dec. 2025 update).  Requests for incentive awards are nevertheless "scrutinized carefully" in light of the concern that such payments "may lead named plaintiffs to expect a bounty for bringing suit or to compromise the interest of the class for personal gain."  *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (citation omitted).  Here, Plaintiff requests a $5,000 service award.

> In determining whether to make a service award, a court considers:
>
> (1) the action taken by the Class Representatives to protect the interests of the Class Members and others and whether these actions resulted in a substantial benefit to Class Members; (2) whether the Class Representatives assumed substantial direct and indirect financial risk; and (3) the amount of time and effort spent by the Class Representatives in pursuing the litigation.

*Ware v. CKF Enters., Inc.*, No. 5:19-183-DCR, 2020 WL 2441415, at *17 (E.D. Ky. May 12, 2020) (quoting *Ross v. Jack Rabbit Servs., LLC*, No. 3:14-CV-44-DJH, 2016 WL 7320890, at *5 (W.D. Ky. Dec. 15, 2016)).  Plaintiff has been actively involved in this matter and worked diligently with counsel to pursue the claims asserted through both litigation and settlement.  (Schubert Decl. ¶ 6, Feb. 19, 2026, DN 87-2).  The requested service award in the case *sub judice* is in line with what other courts have awarded.  *See, e.g.*, *id.* at *17; *Daoust v. Maru Rest., LLC*, No. 17-CV-13879, 2019 WL 2866490, at *5-6 (E.D. Mich. July 3, 2019); *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 787 (N.D. Ohio Mar. 31, 2010).  The motion is granted as to the service award.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.      Plaintiff's Motion for Approval of Attorneys' Fees, Expenses and Service Award (DN 87) is **GRANTED**.  The following amounts are hereby approved and awarded payable from the Settlement Fund pursuant to the terms of the Settlement:

      a.      $371,576.33 in attorneys' fees to Class Counsel;

      b.      $6,098.88 in reimbursement of expenses to Class Counsel; and

      c.      $5,000.00 as a service award to Plaintiff Robin Cooper.

2.      Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (DN 88) is **GRANTED**.

      a.      Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement.

      b.      This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Class Representative and Defendant in this case (the "Parties").

      c.      The Court hereby adopts and reaffirms the findings and conclusions set forth in the Memorandum Opinion and Order (DN 86) granting preliminary approval of the class action settlement.

      d.      The Class Representative and Class Counsel fairly and adequately represent the interests of the Class in connection with the Settlement.

      e.      The Settlement is the product of good faith, arm's-length negotiations by the Class Representative and Class Counsel, and Defendant and Defendant's Counsel, and the Class and Defendant were represented by capable and experienced counsel.

      f.      The form, content, and method of dissemination of the notice given to members of the Class—individuals emailed or mailed notice—were adequate and reasonable, constituted

9

the best notice practicable under the circumstances, and satisfied the requirements of the applicable rules and Due Process.

g.    The Settlement is fair, reasonable, and adequate and in the best interests of the Class and is approved in all respects.  The Court hereby directs the Class Representative, the Class, Class Counsel, Defendant, and Defendant's Counsel to effectuate the Settlement according to its terms.

h.    The Settlement provides for certain benefits to Class Members. The Court approves those benefits and approves the distribution plan for the Settlement Fund set forth in the Settlement Agreement, and the method and recipients for receipt of any Residual Funds, and the parties are authorized to implement distribution of the Settlement Fund after deductions for fees, expenses, and service awards as approved by the Court.

i.    In accordance with the Settlement Agreement, following the second distribution, or if no second distribution is indicated based on the average distribution amount, any remaining Residual Funds must be paid on a *cy pres* basis to USA Cares, 11760 Commonwealth Drive, Louisville, KY 40299.

j.    The Court shall have continuing jurisdiction over the Settlement Fund.

k.    Upon the occurrence of the Effective Date of the Settlement Agreement, the Class Representative and the Class Members release and forever discharge Peoples Bank, as successor in interest to Limestone Bank, Limestone Bank, and its former officers, directors, employees, attorneys and agents (the "Released Parties") from all past and present known and unknown claims, demands, damages, causes of action or suits seeking damages or other legal or equitable relief arising out of or in any way related to this Action, or any of the facts, allegations, and claims asserted or which could have been asserted in the Complaint related to APSN Fees or Verify Bank Fees assessed by Limestone Bank.  For the avoidance of doubt, this Release applies to Peoples Bank only in its capacity as the successor in interest to

Limestone Bank and does not apply to Peoples Bank in any other capacity.  The release shall not extend to any claims by Class Members for bodily injury or under the Servicemembers Civil Relief Act.

l.      Peoples Bank, as successor in interest to Limestone Bank, releases all claims of any kind or nature that have been or could have been asserted against the Class Representative or Class Counsel relating to the Action, or any of the facts, allegations, and claims asserted or which could have been asserted in the Complaint related to APSN Fees or Verify Bank Fees assessed by Limestone Bank.

m.      The above-captioned lawsuit is hereby **DISMISSED WITH PREJUDICE** and without assessment of costs or attorneys' fees against any party except as provided in the Settlement and Court order.

n.      This Memorandum Opinion and Order expressly incorporates the Settlement Agreement and is a final judgment because it disposes of all claims against all parties to this lawsuit.  The Court expressly incorporates the Class Action Settlement Agreement into this Memorandum Opinion and Order and retains jurisdiction over the Settlement, the parties to the Settlement, and all matters relating to the administration and enforcement of the Settlement Agreement.

**Greg N. Stivers, Judge**
**United States District Court**
March 30, 2026

cc:     counsel of record

11